# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

EBRIS SUAREZ,

    Plaintiff,

v.

CANCHE CARPENTRY, INC., a dissolved
Florida corporation, E.T. ZACAPA GROUP, CORP.,
a Florida corporation, CHECHA CARPENTRY INC.,
a Florida corporation and CESAR TURCIOS AKA EDUARDO C. TURCIOS,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, EBRIS SUAREZ, (herein referred to as "Plaintiff" or "SUAREZ"), by and through his undersigned attorney, hereby files this Complaint against CANCHE CARPENTRY, INC., a dissolved Florida corporation, E.T. ZACAPA GROUP CORP., a Florida corporation, CHECHA CARPENTRY, INC., a Florida corporation and CESAR TURCIOS A/K/A EDUARDO C. TURCIOS (hereinafter, "CANCHE," "ZACAPA," "CHECHA" and "TURCIOS" respectively, and collectively, "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), the Florida Minimum Wage Amendment, Article X, § 24 of the Florida Constitution, Florida Statutes § 448, 29 U.S.C. § 215(a)(3) of the FLSA and Florida Statutes § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff SUAREZ is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff SUAREZ was employed by Defendants as a construction laborer. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant CANCHE is a dissolved Florida corporation which was organized and existed under and by virtue of the laws of Florida and registered to do business within Florida. CANCHE has its principal place of business in Miami, Florida. Defendant CANCHE has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant ZACAPA is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. ZACAPA has its principal place of business in Miami, Florida. Defendant ZACAPA has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant CHECHA is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. CHECHA has its principal place of business in Miami, Florida. Defendant CHECHA has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendants CANCHE, ZACAPA, and CHECHA are each an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that each has (had) employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, CANCHE, ZACAPA, and CHECHA are carpentry/construction companies and its employees, including SUAREZ, regularly handled goods which were transported across state lines.

11. At all times material to this Complaint, Defendant CANCHE, ZACAPA, and/or CHECHA have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Defendants CANCHE, ZACAPA, and/or CHECHA, upon knowledge and belief, individually or in combination, have gross revenues which exceed $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant TURCIOS acted directly in the interest of his companies as an owner/manager. Upon all available information, TURCIOS set Plaintiff's work schedules, the work he was to perform, and the pay he was to receive.

14. Defendants CANCHE, ZACAPA, CHECHA, and TURCIOS were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS**

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff began working for Defendants in approximately March 2016 and was terminated from his employment on or about September 16, 2016. Throughout the course of his employment, Plaintiff was misclassified as an independent contractor though Defendants have failed to issue either a 1099 or W-2 to date. However, taxes were not taken out of Plaintiff's checks.

17. At no point, however, was Plaintiff an independent contractor. Throughout Plaintiff's employment, Defendants exercised control over the hours Plaintiff worked, the specific work he was to perform, and controlled every other significant facet of Plaintiff's work.

18. Plaintiff was initially hired by CANCHE, a corporation that dissolved during Plaintiff's employment. CHECHA was formed by TURCIOS at about the same time CANCHE dissolved and has the same address and officers. ZACAPA is the company Plaintiff was told was the new "name" for CANCHE, but which was actually formed in 2015, also by TURCIOS. SUAREZ received checks from CANCHE and ZACAPA at a minimum.

19. Defendants failed to pay Plaintiff for his last week of work which was approximately 35 hours due to the injury he sustained on the job.

20. Throughout Plaintiff's employment, Plaintiff generally worked 49-55 hours per week.

21. Despite the fact that Plaintiff worked over forty (40) hours in a work-week, he was not paid overtime by Defendants.

22. Plaintiff complained repeatedly for several weeks that his paycheck was short because he was not receiving overtime. Plaintiff's complaints were made to Bryan, Jose and/or Carmelo (all LNU).

23. Plaintiff was injured on the job on or about August 31, 2016. Plaintiff filed his workers compensation claim on or about September 15, 2016.

24. Plaintiff was terminated on September 16, 2016 without valid cause.

25. Prior to his termination, Plaintiff had never received any form of disciplinary action, nor had he been notified that he was in danger of losing his job.

26. At all times relevant to this matter SUAREZ was qualified for his position in that he had performed the duties assigned to him and was never advised that his work was anything less than satisfactory.

27. Defendants stated reason for termination is that they did not have any more work for Plaintiff. This stated reason is pretextual and is not supported by the facts.

28. Plaintiff was terminated because of his complaints regarding the nonpayment of overtime, his filing of the workers compensation claim, or both. Defendant's reasons for terminating Plaintiff are pretextual.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME
## (AGAINST ALL DEFENDANTS)

31. Plaintiff re-alleges and re-avers paragraphs 1–30 as fully set forth herein.

32. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act (29 U.S.C. §207) by employing Plaintiff, who was engaged in commerce, for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

33. Specifically, SAUREZ worked approximately 49-55 hours per week during the course of his employment which commenced in about March 2016.

34. Plaintiff was compensated by receiving straight time for all hours worked except for the last week of his employment when he was not paid at all.

35. Plaintiff was not exempted from the overtime provisions of the FLSA in that he was considered by Defendants to be an independent contractor.

36. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

37. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff EBRIS SUAREZ demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### COUNT TWO: VIOLATION OF FLSA / MINIMUM WAGE
### (AGAINST ALL DEFENDANTS)

40. Plaintiff re-alleges and re-avers paragraphs 1–30, as fully set forth herein.

41. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for the last week of work in September 2016.

42. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

43. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff EBRIS SUAREZ requests judgment for:

a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### **COUNT THREE– UNPAID WAGES**
### **(AGAINST ALL DEFENDANTS)**

44. Plaintiff re-alleges and re-avers paragraphs 1–30 as fully set forth herein.

45. Defendants have failed to pay Plaintiff for the hours worked during the last week of his employment.

46. Plaintiff worked about 35 hours during his last week and is due his hourly wage (or at least minimum wage) for each of those hours worked.

47. Plaintiff sent by certified mail a written demand for these payments on February 15, 2017. Defendants have failed to make any payments in accord with that demand. A copy of the demand letters are attached hereto as Composite Exhibit A.

48. Plaintiff therefore brings this action pursuant to Florida Statues § 448.08 and requests the award of damages, cost and attorney's fees.

49. As a direct result of Defendants' failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed while working for Defendants. Defendants owe Plaintiff approximately $490.00.

50. Because this is an action for unpaid wages, Plaintiff demands payment of his attorneys' fees under Florida Statutes §448.08.

**WHEREFORE** Plaintiff EBRIS SUAREZ demands judgment for:

    a) Damages for Unpaid Wages in the amount of $490.00;

    b) Interest on the amount found due;

    d) A jury trial on all issues so triable;

    e) Assessment against Defendants of reasonable costs and reasonable attorney's fees if provided by law/statute; and

    f) Such other relief as the Court deems just and proper.

### COUNT FOUR– FLORIDA'S MINIMUM WAGE LAW (AGAINST ALL DEFENDANTS)

51. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

52. This is an action for unpaid wages under Florida's Minimum Wage Law, pursuant to Florida Statute §448.10.

53. The Court has jurisdiction over this matter and venue is proper in this Court.

54. During the course of Plaintiff's employment with Defendants, Plaintiff worked hours for Defendants for which he was not compensated by Defendants.

55. Plaintiff made a written demand for his payments on or about February 15, 2017. Defendants failed to make any payments in accord with that demand. A copy of the demand letters are attached hereto as Composite Exhibit A.

56. As a direct result of Defendants' failure to pay Plaintiff, he has been damaged in the way of not receiving wages due to him for work he performed on behalf of Defendant.

**WHEREFORE**, Plaintiff EBRIS SUAREZ requests judgment as follows:

a. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

b. Liquidated damages;

c. Assessment against Defendants of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

d. Such other and further relief as the court deems proper.

### COUNT FIVE – FLSA RETALIATION
### (AGAINST ALL DEFENDANTS)

57. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

58. Before he was terminated, Plaintiff repeatedly complained to three of his supervisors that he was not being properly compensated because his paychecks did not reflect overtime worked.

59. Plaintiff was terminated on September 16, 2016 without valid cause.

60. Plaintiff was terminated because of his complaints regarding the nonpayment of overtime, his filing of the workers compensation claim or both as provided in ¶¶ 22 and 52 above. Defendant's reasons for terminating Plaintiff are pretextual. Defendants fired Plaintiff in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

61. The Defendants showed reckless disregard of the provisions of the FLSA concerning their retaliation against Plaintiff for his FLSA complaints.

62. By reason of the foregoing acts of the Defendants, Plaintiff has suffered damages and he is entitled to liquidated damages.

**WHEREFORE**, Plaintiff EBRIS SUAREZ hereby demands judgment against Defendants for:

   a. Damages allowable for FLSA retaliation;

   b. Liquidated damages;

   c. Jury trial on all issues so triable;

   d. Interest;

   e. Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

   f. Any other relief this court deems proper.

## COUNT SIX – VIOLATION OF FLORIDA STATUTE§ 440.205
### (AGAINST ALL DEFENDANTS)

63. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

64. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

65. On or about August 31, 2016, Plaintiff was injured on the job.

66. On or about September 15, 2016, Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

67. On September 16, 2016, SUAREZ was terminated from his position without a valid reason. Prior to his injury, Plaintiff was not made aware of any performance deficiencies.

68. Defendants stated reason for termination is that they did not have any more work for Plaintiff. This stated reason is pretextual and is not supported by the facts.

69. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by his termination coming the day after Plaintiff filed his Workers' Compensation claim.

70. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendants, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of TURCIOS and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendants in a sum according to proof at trial.

71. Any purported reason for Plaintiff's discharge given by Defendants is pretextual.

WHEREFORE, Plaintiff EBRIS SUAREZ demands judgment for:

a) Plaintiff's lost wages and/or benefits as a result of his termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on all monies owed;

d) Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

e) A trial by jury; and

f) Any other relief this Court deems proper

## **DEMAND FOR JURY TRIAL**

Plaintiff EBRIS SUAREZ demands trial by jury for all issues contained herein so triable by law.

Dated: April 6, 2017.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: **/s/Charles M. Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com

By: **/s/ Andrew C. Demos, Esq.**
Andrew C. Demos, P.A.
co-counsel for Plaintiff
4835 Hollywood Boulevard, Suite 4
Hollywood, Florida 33021
Telephone: (954) 589-0119
Facsimile: (954) 589-0945
Fla. Bar #188580
www.demoslaw.com